And we'll turn to our next case, which is the United States of America v. Thomas Connolly. Just give us one second to get organized here. Okay, ready to go? Ready to go. Okay, thank you. Good morning. May it please the Court, Donald Thompson representing claimant Thomas Connolly in this appeal of the denial of his motion to vacate the entry of default and judgment of default in this forfeiture claim. Our contention on appeal, Your Honors, is that there are three factors to be considered. When considering such motions, the lower court considered only one. They reached whether the default was willful and did not consider whether there was prejudice and did not consider the meritorious defenses that were forwarded by Mr. Connolly and submitted in his declarations and in his responses. But I don't understand how it could have gotten to any of those considerations unless it had a litigant before it who had standing. No standing, no proceeding. End of story. Well, that goes to the willfulness, Your Honor, I contend. It goes to justiciability. It goes to whether an Article III court is authorized to hear the controversy. Mr. Connolly, as in the case cited at page 26 of our brief, made a motion for a conditional order of dismissal which would have allowed him to belatedly file the claim, which the Court summarily denied. Plenty of notice, plenty of notice on the record before me that if you don't put in this affidavit established standing, this case isn't going forward. I mean, the U.S. attorneys could not have been clearer. Your Honor, once the U.S. attorneys filed to dismiss, the defect was incurable at that point, absent an order from the Court, which the Court summarily declined to grant. But that was three years later, right? Yeah, that was after the Court's. The first time you filed to file a claim on the Supplemental Rule of Justice. That's correct. That was after the. . . It was July 2013, but it was in March of 2010 that the issue was joined where they said we don't have a claim here. You know, we've got an answer that you filed, but that's not enough. We need a claim. Why was it only three years later that you said, You know, maybe I should move to file a late notice of claim here. We might ask why there was three years of inactivity on the district court's part. The case languished for three years. You did file, and then it just didn't deal with it for three years? Or when did you file? Permission to file a late notice of a claim. As soon as. . . Well, the government cited a late developing case to the Court. The Court began to take action on that case. In response, Mr. Connolly filed a request for a conditional order, and that was denied. April 28, 2010, the government moved to strike your answer because it's not enough. You've got to file this claim, right? So, I mean, the issues joined in 2010. What prevented you or someone else from filing the claim? Perhaps nothing prevented it, Your Honor, and that's the default is conceded. I don't think we're arguing about whether there was a default. There was a default. The question is, how do you address it at that point? What's the appropriate means of addressing the default and a motion to vacate either the default or the entry of default judgment? I can tell you that's what this appeal is about, the decision by the lower court addressing those motions and reaching only the claim of willfulness without considering the claims relating to prejudice or to meritorious defense. But he dealt with that in his decision in 2015, right? Must show excusable neglect and a meritorious defense. He mentioned it in passing. He never considered the factors. And the meritorious defense has always been there in the papers in the declaration filed by the claimant together with the exhibits provided. There's no other defense. It could have been considered on the papers alone, essentially. It was never considered in determining whether or not the default should be excused. With respect to prejudice, likewise, never considered. The government has alleged no prejudice. Now, in its brief on this appeal, has said, well, you know, it's been a long time, and that's prejudicial to the government, but the delay is not sufficient alone to demonstrate that prejudice. The government, it should be noted if we're talking about delay or prejudice, didn't file its claim until 60 days after the deadline expired. So, you know, when we're talking about the prejudice, we should be looking at the prejudice to all parties. Mr. Connolly alleged, and it's never been controverted, that the sums that were seized represented essentially 100 percent of his liquid assets at the time of the seizure. So the prejudice to him would be great. The Court did mention prejudice as one of the things. It did mention it in passing. It didn't analyze it. It didn't consider the factors relating to prejudice. It never said anything beyond that. It said, okay, these are the factors, and then it went on to consider only willfulness and nothing else. In particular, it never considered the prejudice to Mr. Connolly, which, again, was not controverted by the government because we've never gotten so far as addressing the merits of the claim eight years into the case now. So unless the Court has additional questions, I will. The government talked about prejudice in its papers opposing the reopening of the default judgment, right? They mentioned the delay of time, Judge. A four-year delay in resolving this case, et cetera. That's right. Three years of that attributable to the district court for whatever reason, none of it attributable to Mr. Connolly, who filed motions to vacate early, actually got sanctioned for filing early, filed his verified answer, and filed his claim before the date for expiration of the verified claim. So, you know, let's be clear. It's purely a technical default. The one piece of paper, essentially, that we're arguing about here adds nothing to the substance of any claims, adds no additional information that the government has not had from day one. You have to file that claim under oath, though? You have to file it verified. Yes. It has to be verified. And you file the verified. You may not want to do that. Some people – I mean, there may be a reason for it. I mean, maybe not in your case. I'm not saying it's – but there are some claimants who don't like to say under oath, yeah, I got the $23,000 by, you know, doing my landscaping business rather than through marijuana sales. So there's a substantive reason for having it verified, which is we want to show it's not the proceeds of marijuana sales. I understand. And I'm familiar with those situations. And Mr. Connolly, in this case, has filed a verified declaration and a verified answer. He's not been shy about taking an oath and swearing as to where these funds emanated from. Thank you, Mr. Thompson. Ms. Carducci. May it please the Court. Your Honor – or the panel, excuse me. The main issue here is that a claim was never filed in this matter, and that is mandated by Rule G and by 18 U.S.C. 983. Congress enacted those statutes. The language is plain. I personally sent a letter indicating that the claim was due on a specific date. The claim was never filed, and over seven years later, as we sit here today, there's no reason provided as to why the claim was not filed in this matter. Yes, it did take the district court three years to make a decision. However, when we were waiting for that decision, there was no phone call made to me, no letter written to the court, no – And a claim is required in this action. You do not have standing to contest the forfeiture if you don't file a claim. If the defendant or the claimant had an issue with that, that's something that has to be taken up with Congress. But that is the law of the land, and the claimant didn't follow that law. There was a verified answer filed in a timely fashion. Yes, Your Honor. If that constitutes a claim, so it's verified. It doesn't – Why isn't the answer good enough? Because Rule G sets forth that within 30 days of the government filing a complaint for forfeiture, you must file a claim. After the claimant files a claim, you have 21 days to file an answer. But there is case law in the Second Circuit and around the country indicating that you must file a claim and an answer to have standing under Rule G. What about – I think taking off on Judge Strona's question – what is it about the verified answer that left blanks with regard to what information would have been in a claim? Because, Your Honor, in the claim you have to state what your ownership right is in the property that the government has seized. And that's not in the verified answer? No, Your Honor. The answer is answering the government's complaint, but not setting forth – The information with regard to his loan and the remodeling loan and the proceeds of the loan and how he kept them in the bank and he was using them for other things, that information wasn't in the verified answer? No, Your Honor. That came later at the time he moved to vacate the default? Yes, Your Honor. So I submit to the court that the district court acted properly and did find that there was no excusable neglect. There was no legitimate reason provided for not filing the claim. And as a result, the judge did find that the claimant did not have excusable neglect and had no standing in this lawsuit. Mr. Thompson argued in his brief, what about the information when he filed an indication that he had an interest in the property with the U.S. Attorney's Office itself prior to the matter going over to the court for the civil forfeiture? Right. That was never filed with the U.S. Attorney's Office. That was filed with the Drug Enforcement Administration. I'm sorry, the DEA. I apologize. Yes, Your Honor. And that's an administrative claim and that does not meet the requirements of Rule G. The law sets forth that if you file an administrative claim, the only purpose of filing that claim is to refer the matter over to the United States Attorney's Office. But that does not suffice to comply with Rule G. Does the court have any further questions for me? I don't see any. Thank you. Okay, thank you. Mr. Thompson, you have a minute reserved. Thank you. I'm not completely comfortable talking about things that are off the record, but since they've been alleged already, you know, during this three-year period of time, in fact, there were phone calls and there were contacts with the court's chambers as to how to proceed in light of the fact that the time for filing a claim had obviously expired and some mechanism needed to be engaged in, and the response was essentially stand down, we're going to issue an order without any ability to provide an additional motion or additional consideration at that point. And, you know, the court in its couple of decisions faults the claimant for apparently, I may lack imagination here, but apparently failing to file an immediately dismissible nullity in a belated administrative claim without leave of the court to do so, which is all that Mr. Connolly requested, that was denied. I can't see how a legitimate administrative claim could be filed at that point. Thank you. Mr. Thompson, we'll reserve decisions.